**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.**

UNITED STATES OF AMERICA, for the use and benefit of JHL INDUSTRIAL SERVICES, LLC d/b/a PLATT ROGERS CONSTRUCTION, a Colorado Limited Liability Company,

Plaintiffs,

v.

MASS SERVICE & SUPPLY, LLC, a Colorado Limited Liability Company,
HARTLAND EXCAVATION, INC., a Colorado corporation,
HARTLAND/MASS JOINT VENTURE, LLC, a Colorado Limited Liability Company,
THE OHIO CASUALTY INSURANCE COMPANY, a Delaware corporation, and
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Delaware corporation.

Defendants

---

## COMPLAINT AND JURY DEMAND

---

Plaintiff, JHL Industrial Services, LLC d/b/a Platt Rogers Construction ("Platt Rogers"), by and through its attorneys, Fairfield and Woods, P.C., pursuant to 40 U.S.C. § 3131, *et seq.* for its Complaint against Defendants states and alleges as follows:

## PARTIES

1. The United States of America is nominally named as a Plaintiff pursuant to 40 U.S.C. § 3133(b).

2. Plaintiff Platt Rogers is a limited liability company incorporated under the laws of Colorado, having its principal place of business at 12211 W. Alameda Parkway, Suite 200, Lakewood, Colorado 80228.

3. Mass Service & Supply, LLC ("Mass"), is a limited liability company incorporated under the laws of Colorado, having its principal place of business at 920 W. 10th Street, Pueblo, Colorado 81003.

4. Hartland Excavation, Inc. ("Hartland"), is a corporation incorporated under the laws of Colorado, having its principal place of business at 540 Pembrook Drive, Woodland Park, Colorado 80863.

5. Hartland/Mass Joint Venture, LLC ("H/M") is a limited liability company incorporated under the laws of Colorado, having its principal place of business at the offices of Mass and Hartland respectively. Upon information and belief, the members of H/M are Mass and Hartland.

6. The Ohio Casualty Insurance Company is an insurance company and a corporation organized under the laws of New Hampshire, with its principal place of business located at 62 Maple Avenue, Keene, New Hampshire 03431.

7. The Travelers Casualty and Surety Company of America is an insurance company and a corporation organized under the laws of Connecticut, with its principal place of business located at One Tower Square, Hartford Connecticut 06183.

8. The Ohio Casualty Insurance Company and the Travelers Casualty and Surety Company of America are singularly referred to hereinafter as "H/M's Surety."

**JURISDICTION**

9. This Court has jurisdiction over this action because the first claim arises under 40 U.S.C. § 3131, *et seq.*, (the "Miller Act"). Therefore, this Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331. The remaining claims arise under the same claim or controversy and are properly within the Court's supplemental

jurisdiction pursuant to 28 U.S.C. § 1367(a). The amount in controversy exceeds $75,000.

10. This action pertains to construction work performed in the State of Colorado on a federal construction project, and where a payment bond was issued by H/M's Surety in reference to the same. Defendants were, at all times material times herein, doing business in the State of Colorado, and Defendants otherwise failed to perform acts required to be performed by agreement in the State of Colorado. Therefore, this Court possesses personal jurisdiction over Defendants because Defendants have established sufficient minimum contacts with the forum, and the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this judicial district pursuant to 40 U.S.C. § 3133(b)(3) because this is a civil action premised upon the Miller Act, the United States Property at issue is located in Colorado, and this was the district where the subject contracts at issue were to be performed and executed.

12. Venue is also proper in this district pursuant to 28 U.S.C. § 1391(b).

13. All conditions precedent to bringing this action have been performed, waived or have otherwise been satisfied or occurred.

## GENERAL ALLEGATIONS

14. Platt Rogers incorporates by this reference all prior paragraphs as if set forth fully herein.

15. Under Colorado law the joint venture formed by Mass and Hartland is a partnership formed for a limited purpose. As such, it is subject to the general law of partnerships. Under Colorado law, Mass and Hartland are each jointly and severally liable for everything chargeable to Hartland/Mass Joint Venture, LLC and for all debts and obligations of the joint venture.

16. H/M assumed the obligations as the prime contractor on the federal construction project subject to this dispute, and through its dealings with the United States Army Corp of Engineers, had authority as the prime contractor to direct Platt Rogers as the subcontractor. At all times material hereto, Hartland, Mass and H/M have operated under a common identity of management and have spoken through a singular voice of directors or employees in their dealings with Platt Rogers and their dealings with the Army Corp of Engineers on behalf of H/M.

17. On or about August 9, 2012, H/M entered into a written contract (Contract No. W9128F-12-D-0040 Task Order 0001; the "Prime Contract") with the United States of America through the United States Army Corp. of Engineers ("COE") for construction of a land vehicle fueling facility for the 13th Combat Aviation Brigade at Fort Carson, Colorado (the "Project").

18. The Prime Contract was executed in Colorado and to be performed in Colorado. The Prime Contract's sum exceeds $100,000.

19. The Prime Contract lacks any identification that it is a priority rated contract under the Defense Priorities and Allocations System ("DPAS").

20. H/M, as principal, and H/M's Surety, as surety, executed a payment bond in compliance with 40 U.S.C. §3131(b)(2) for the protection of all persons supplying labor and/or materials in the prosecution of the work provided for in the Subcontract ("Payment Bond"). The Payment Bond secured for the protection of Platt Rogers has been identified as Bond No. 17S101982.

21. On or about October 26, 2012 H/M and Platt Rogers, as subcontractor, entered into a labor Subcontract Agreement in the amount of One Hundred Sixty-Three Thousand Five Hundred Twenty-Five Dollars and 00/100 ($163,525.00) (hereinafter "Labor Subcontract"). The Labor Subcontract was executed and to be performed in Colorado.

22. On or about October 29, 2012 H/M and Platt Rogers, as supplier, entered into a Material Supplier Agreement in the amount of Eight Hundred Ninety-Two Thousand Four Hundred Seventy Dollars and 00/100 ($892,470.00) (hereinafter "Supplier Agreement"). The Supplier Agreement was executed and to be performed in Colorado.

23. H/M required Platt Rogers to enter into two separate contracts, the Labor Subcontract and the Supplier Agreement.

24. H/M required Platt Rogers submit one payment application form to H/M for labor provided, and materials supplied, by Platt Rogers under the Labor Subcontract and Supplier Agreement.

25. According to the initial construction schedule for the Project H/M was to commence building construction on October 11, 2012 with the completion of the Project by September 13, 2013.

26. H/M failed to start construction on time. As a result, H/M issued a revised construction schedule on February 8, 2013. The revised schedule, however, failed to match the actual progress of construction. For example, the revised schedule required site fill and rough grade to be completed by April 4, 2013, but the actual completion of the site fill and rough grade work did not occur until sometime in June 2013.

27. According to the construction schedule for the Project Platt Rogers was commence its construction work after the completion of site fill and rough grade. Further, Platt Rogers was to commence construction upon notification by H/M.

28. Due to general delays in the progress of construction Platt Rogers was unable to begin its work at the Project until July 2013.

29. Once on site Platt Rogers accelerated its construction work in an attempt to accommodate H/M's revised construction schedule for the Project.

30. After Platt Rogers begin its work H/M changed the sequence of work under the construction schedule for the Project.

31. During a site visit Platt Rogers observed a large concrete paver machine onsite. Platt Rogers inquired with H/M about the intended use of the paver machine. H/M responded that it intended to use the paver machine to install the large concrete pad required at the Project. Platt Rogers expressed concern to H/M about the use of the paver machine as Platt Rogers was to install underground fuel lines, and the use of such a heavy machine over buried fuel lines could damage the lines.

32. Despite the concerns expressed by Platt Rogers H/M decided to use the paver machine at the Project. Further, H/M decided to install the concrete pad *prior* to

the installation of underground fuel lines. H/M installed the concrete pad with openings in the concrete and instructed Platt Rogers to install the underground fuel lines in these openings.

33. H/M's change in the sequence of the work to install the concrete pad prior to installation of underground fuel lines adversely impacted the ability of Platt Rogers to complete its construction work. These difficulties include the creation of a restricted area for Platt Rogers to work with its equipment, and the conveyance of monsoon rains into the smaller work areas.

34. In accordance with the terms of the Labor Subcontract and Supplier Agreement, Platt Rogers submitted invoices and applications for payment to H/M, reflecting work performed and material supplied under both contracts.

35. Platt Rogers provided all necessary information to H/M in support of its request for payment in a timely fashion enabling H/M, to the extent it wished to do so, to present payment information to the owner, COE.

36. Platt Rogers submitted pay applications for its work and supplies, but H/M failed to pay Platt Rogers.

37. On September 11, 2013, Platt Rogers submitted a Notice of Default to H/M due to failure to pay Platt Rogers.

38. Upon information and belief, H/M has received payments from COE for labor preformed by Platt Rogers at the Project.

39. Upon information and belief, H/M has received payments from COE for materials supplied by Platt Rogers at the Project.

40. In September 2013 H/M received and installed tanks at the Project. H/M wrote the COE stating "The tanks are set." The tanks were supplied by Platt Rogers. H/M received payment from COE for the tanks. H/M, however, failed to remit payment to Platt Rogers for the tanks.

41. On September 20, 2013, H/M requested use of the DPAS program for procuring certain building components. Despite the lack of a priority rating under the Prime Contract the request was authorized by COE .

42. On October 11, 2013, H/M terminated the Labor Subcontract.

43. On October 23, 2013, H/M terminated the Supplier Agreement.

44. H/M's terminations of the Labor Subcontract and Supplier Agreement were wrongful and contrary to the parties' contracts.

45. By letter dated November 13, 2013, Platt Rogers submitted a claim to H/M's Surety for payment of the amounts owing under the Supplier Agreement. The letter was sent by certified mail return receipt requested, and was received by H/M's Surety on November 18, 2013. By letter dated December 20, 2013, Platt Rogers submitted an amended claim to H/M's Surety.

46. On December 20, 2013, H/M's Surety first acknowledged Platt Rogers' notice of claim.

47. H/M failed to pay Platt Rogers an amount of $843,671.63 in material pursuant to the Supplier Agreement.

48. H/M failed to pay Platt Rogers an amount of $105,549.09 in labor pursuant to the Labor Subcontract.

49. Therefore, Platt Rogers is owed a total of $949,220.72 for materials and

labor under the Labor Subcontract and Supplier Agreement plus interest thereon, costs, and attorney's fees.

50. As of this date, H/M has paid to Platt Rogers a total of $107,280.00.

51. Separate from, and in addition to, the amounts due and owing to Platt Rogers for material and labor furnished or supplied to H/M on the Project, interest thereon, costs, and attorney's fees, H/M and H/M's Surety have caused, and continue to cause, Platt Rogers to suffer consequential damages, including without limitation, loss of business, loss or increase in cost of bonding capacity, increased overhead, and lost profits, which damages continue to accrue every day for which payment in full is not made.

52. It was reasonably foreseeable at the time of contracting, and at the time the payment bonds were issued, that Platt Rogers would suffer consequential damages as a natural and probable consequence of Defendants' breaches.

53. Platt Rogers seeks recovery of its consequential damages from Defendants, and each of them, in an amount to be proven at trial to the extent that these consequential damages, including without limitation, loss of business, loss or increase in cost of bonding capacity, increased overhead, and lost profits, are not represented in the amount due and owing to Platt Rogers for material and labor furnished or supplied to the Project, together with interest, costs, and attorney fees.

## FIRST CLAIM FOR RELIEF
**(Miller Act —H/M and H/M's Surety)**

54. Platt Rogers incorporates by this reference all prior paragraphs as if set forth fully herein.

55. The First Claim for Relief is an action against H/M, as principal, and H/M's Surety, as surety, against a payment bond pursuant to the Miller Act, 40 U.S.C. § 3133 (b).

56. Platt Rogers performed labor for and supplied material to H/M, with the good faith belief that such labor and material were intended for use on the Project.

57. Platt Rogers furnished the last of its labor and materials to the Project in October 2013.

58. Platt Rogers has not been fully paid for the labor it performed for and material it supplied to H/M.

59. There remains an unpaid balance due to Platt Rogers in the amount of $949,220.72 pursuant to contract plus interest thereafter, costs, and attorney's fees.

60. Platt Rogers timely served its notice of nonpayment upon H/M and H/M's Surety.

61. By refusing and failing to pay amounts due and owing to Platt Rogers, H/M and H/M's Surety breached their payment obligations under the terms of the Payment Bond.

62. Platt Rogers has suffered damages in the amount presently due of $949,220.72, plus interest thereafter, costs, and attorney's fees, which amount is now due and owing, together with consequential damages in an amount to be proven at trial.

63. This action has been filed no later than one year after the date on which the last of the labor was performed or material was supplied by Platt Rogers.

64. Platt Rogers performed all conditions precedent to maintaining this

action and is entitled to recover the full amount due and owing plus interest thereon, costs, and attorney fees.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract --Supplier Agreement — H/M, Hartland and Mass)**

65. Platt Rogers incorporates by this reference all prior paragraphs as if set forth fully herein.

66. At all times relevant, H/M was obligated to timely and fully pay Platt Rogers for materials supplied and costs incurred by under the terms of the Supplier Agreement.

67. H/M failed to timely and fully pay Platt Rogers for materials supplier and costs incurred by Platt Rogers under the terms of the Supplier Agreement.

68. H/M materially breached the Supplier Agreement by failing to timely or fully pay Platt Rogers as required by the agreement, and by improperly withholding amounts due to Platt Rogers.

69. H/M is in material breach of the Supplier Agreement for its failure to pay Platt Rogers.

70. H/M is in material breach of the Supplier Agreement for its concealment and nondisclosure of information related to payment and approval by COE.

71. To the extent H/M would rely on any term of the Supplier Agreement that would condition payment to Platt Rogers on payment by the COE to H/M for the same amount, then Platt Rogers would affirmatively assert that such terms are void and unenforceable, and H/M's actions concealing information from both COE and Platt Rogers acts as a waiver, material breach, or otherwise bar to H/M's reliance on such terms.

72. Platt Rogers satisfied its obligations under the Supplier Agreement and is entitled to payment.

73. H/M's actions have caused Platt Rogers to suffer damages and consequential damages, including, without limitation, increased overhead, and lost profits.

74. Platt Rogers is also entitled to recover all of its attorney's fees pursuant to the terms of the Supplier Agreement.

**THIRD CLAIM FOR RELIEF**
**(Breach of Contract –Labor Subcontract — H/M, Hartland and Mass)**

75. Platt Rogers incorporates by this reference all prior paragraphs as if set forth fully herein.

76. At all times relevant, H/M was obligated to timely and fully pay Platt Rogers for work performed and costs incurred by Platt Rogers under the terms of the Labor Subcontract.

77. H/M failed to timely and fully pay Platt Rogers for work performed and costs incurred by Platt Rogers under the terms of the Labor Subcontract.

78. H/M materially breached the Labor Subcontract by failing to timely or fully pay Platt Rogers as required by the agreement, and by improperly withholding amounts due to Platt Rogers.

79. H/M is in material breach of the Labor Subcontract for its failure to pay Platt Rogers.

80. H/M is in material breach of the Labor Subcontract for its concealment and nondisclosure of information related to payment and approval by COE.

81. To the extent H/M would rely on any term of the Labor Subcontract that would condition payment to Platt Rogers on payment by the COE to H/M for the same amount, then Platt Rogers would affirmatively assert that such terms are void and unenforceable, and H/M's actions concealing information from both COE and Platt Rogers acts as a waiver, material breach, or otherwise bar to H/M's reliance on such terms.

82. Platt Rogers satisfied its obligations under the Labor Subcontract and is entitled to payment.

83. H/M's actions have caused Platt Rogers to suffer damages and consequential damages, including, without limitation, increased overhead, and lost profits.

84. Platt Rogers is also entitled to recover all of its attorney's fees pursuant to the terms of the Labor Subcontract.

**FOURTH CLAIM FOR RELIEF**
**(Unjust Enrichment — H/M, Hartland and Mass)**

85. Platt Rogers incorporates by this reference all prior paragraphs as if set forth fully herein.

86. Platt Rogers, at its expense, rendered valuable labor and materials at the Project.

87. To the extent it is determined that any of those labor and materials were not rendered under the Supplier Agreement and Labor Subcontract, Platt Rogers performed such work with reasonable expectation that Platt Rogers would be paid the reasonable value of their labor and materials.

88. The labor and materials rendered by Platt Rogers benefited H/M, Hartland and Mass and the Project.

89. H/M accepted and obtained the value of Platt Rogers' labor and materials under circumstances where H/M should have reasonable known that Platt Rogers expected to be paid.

90. H/M would be unjustly enriched if it were allowed to retain the benefit of Platt Rogers' labor and materials at the Project. Therefore, H/M owes Platt Rogers the full and reasonable value of Platt Rogers' labor and materials.

## PRAYER FOR RELIEF

WHEREFORE, JHL Industrial Services, LLC d/b/a Platt Rogers Construction respectfully requests the following relief:

a. An Order from the Court finding that Platt Rogers is entitled to payment from H/M and H/M's Surety under the Payment Bond;

b. An Order from the Court finding that H/M, Hartland and Mass materially breached the Supplier Agreement by failing to timely and fully pay Platt Rogers, for all amounts due, for improperly withholding amounts due to Platt Rogers, for failure to disclose its material communication and positions with regard to payment from COE, and to the extent payment is so dependent, H/M's failure to take reasonably and timely steps to secure such payment from COE.

c. An Order from the Court finding that H/M, Hartland and Mass materially breached the Labor Subcontract by failing to timely and fully pay Platt Rogers, for all amounts due, for improperly withholding amounts due to Platt Rogers, for failure to disclose its material communication and positions with regard to payment from COE,

and for failure to provide assurances and direction to Platt Rogers for additional work and the payment therefor, and to the extent payment is so dependent, H/M's failure to take reasonably and timely steps to secure such payment from COE.

d. An Order from the Court finding that H/M was unjustly enriched by Platt Rogers' work on the Project;

e. Actual damages in an amount to be determined at trial;

f. Special or consequential damages in an amount to be determined at trial, including, without limitation, damages for loss of business, loss of bonding capacity, increased overhead, and lost profits;

g. Pre and post-judgment interest;

h. Costs and expenses, including without limitation attorneys' fees; and

i. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff respectfully demands a trial to a jury of all issues properly so triable.

Respectfully submitted this __ day of October, 2014.

FAIRFIELD AND WOODS, P.C.

*s/ Timothy E. Reilly*
John M. Tanner, #16233
Timothy E. Reilly, #26347
1801 California Street, Suite 2600
Denver, CO 80202
Telephone: (303) 830-2400
Fax: (303) 830-1033
Email: jtanner@fwlaw.com;
treilly@fwlaw.com

ATTORNEYS FOR PLAINTIFF
JHL INDUSTRIAL SERVICES,
LLC d/b/a PLATT ROGERS
CONSTRUCTION

Name and Address of Plaintiff:
JHL Industrial Services, LLC
dba Platt Rogers Construction
12211 W. Alameda Parkway,
Suite 200
Lakewood, CO 80228