IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02758–CMA–KMT
(Consolidated for all purposes with 14-cv-02976-CMA-KMT)

JHL INDUSTRIAL SERVICES, LLC, a Colorado Limited Liability Company,
United States of America, for the use and benefit of,
d/b/a Platt Rogers Construction,

    Plaintiff,

v.

MASS SERVICE & SUPPLY, LLC,
HARTLAND EXCAVATION, INC.,
HARTLAND/MASS JOINT VENTURE, LLC,
OHIO CASUALTY INSURANCE COMPANY,
TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,

    Defendants.

HARTLAND EXCAVATION, INC.,
HARTLAND/MASS JOINT VENTURE, LLC,
MASS SERVICE & SUPPLY, LLC,

    Counter Claimants,

v.

JHL INDUSTRIAL SERVICES, LLC., a Colorado Limited Liability Company,
United States of America, for the use and benefit of,
d/b/a Platt Rogers Construction,

    Counter Defendant,

v.

WEIFIELD GROUP CONTRACTING, LLC,

    Consolidated Claimant.

# ORDER

The matter before the court is "Defendant[1] JHL Industrial Services LLC d/b/a Platt Rogers Construction's Contested Motion for Leave to File First Amended Answer and Jury Demand." (Doc. No. 53 in Case No. 1:14-cv-02976-CMA-KMT [Mot.], filed Oct. 9, 2015.) Weifield Group Contracting LLC ("Weifield") filed its response on October 30, 2015, (Doc. No. 49 [Resp.]), and JHL Industrial Services LLC d/b/a Platt Rogers Construction ("Platt Rogers") filed its Reply on October 30, 2015 (Doc. No. 61 in Case No. 1:14-cv-02976-CMA-KMT [Reply]).

## BACKGROUND

The present matter between Weifield and Platt Rogers arises out of a larger contract dispute between Platt Rogers and a joint venture called Hartland/Mass Joint Venture LLC ("H/M"). (Doc. No. 1 in Case No. 1:14-cv-2976-CMA-KMT [Weifield Compl.] at 3.) The following claims are taken from the two complaints in this now consolidated case.[2] In August of 2012, H/M entered into a contract with the United States Army Corp. of Engineers to construct a land-vehicle refueling facility in Fort Carson, Colorado. (Doc. No. 1 [Platt Rogers Compl.] at 4.) H/M then contracted with Platt Rogers to serve as a subcontractor on the project. (*Id.* at 5.) In turn, Platt Rogers subcontracted with Weifield for a portion of its construction obligation. (Weifield Compl. at 3.) At some point after work had begun, relations broke down and the

---

[1] JHL Industrial Services LLC d/b/a Platt Rogers Construction is the plaintiff in 1:14-cv-02976-CMA-KMT and the defendant in 1:14-cv-02758-CMA-KMT. Those cases have now been consolidated into one case, 1:14-cv-02758-CMA-KMT. (Doc. No. 46 at 2.)
[2] The court's summary is for context only and should not be construed to represent factual findings by this court.

parties began accusing each other of breaching their contracts. (*See id.* at 4–5; Platt Rogers Compl. at 7–8.) After H/M refused to pay Platt Rogers for its work, Platt Rogers filed suit against H/M. (Platt Rogers Comp. at 1, 7–8.) Platt Rogers thereafter failed to pay Weifield for its work and Weifield sued Platt Rogers. (Weifield Compl. at 1, 4–5.) Plaintiff Weifield's lawsuit against Defendant Platt Rogers has since been consolidated with Platt Rogers's lawsuit against H/M and now this consolidated case includes H/M; Platt Rogers; Weifield; the companies behind H/M, Hartland Excavation Inc. and Mass Service & Supply LLC, as well as the sureties for each, Ohio Casualty Ins. Co. and Travelers Casualty and Surety Co. of America. (Doc. No. 46 at 1–2, 4.)

## ANALYSIS

Platt Rogers alleges that after receiving H/M's second set of Fed. R. Civ. P. 26(a) disclosures on September 10, 2015, it learned for the first time that H/M, the prime contractor on the project, claims to have spent approximately $220,000 repairing and completing Weifield's allegedly deficient work. (Mot. at 2–3; Reply at 3.) Platt Rogers now moves for leave to amend its Answer to Weifield's Complaint in order to add a counterclaim against Weifield seeking damages from Weifield for the liability Platt Rogers may shoulder for Weifield's allegedly deficient work as Platt Rogers's subcontractor. (Mot. at 1, 3.) Weifield objects, arguing that Platt Rogers did not show good cause to amend the pleadings after the court's deadline,[3] claiming that permitting Platt Rogers to add a counterclaim against it would "effectively restart [the action] on or about December 1, 2015, approximately thirteen months after Weifield filed its complaint." (Resp. at 6, 8.) In reply, Platt Rogers states that the counterclaim is based on the

---

[3] The deadline to amend pleadings was August 3, 2015. (Doc. No. 35 in Case No. 1:14-cv-2976-CMA-KMT.)

same factual issues already before the court and would not require any additional discovery. (Reply at 2–3.) Further, Platt Rogers defends the timing of its motion by stating that it 1) suffered loss of counsel "for a period of time" and 2) did not know about H/M's $220,000 repair bill until after it "culled" the information from H/M's September 10th production of 1,300 pages of Fed. R. Civ. P. 26(a) disclosures. (*Id.*; Mot. at 2–3.)

Because Platt Rogers filed its motion after the deadline for amending pleadings, the court must first determine whether it has shown good cause to modify the court's scheduling order under Federal Rule of Civil Procedure 16(b). This court stated in *Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667 (D. Colo. 2001)

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.

*Id*. at 668 (citations and internal quotation marks omitted).

Once Plaintiff has shown good cause for modifying the scheduling order, it must then satisfy the requirements of Rule 15(a) for amending pleadings. Under Rule 15(a), a court should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a). Leave is appropriate in the absence of any undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies with previous amendments, undue prejudice to the opposing party, futility, or other similar reasons. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). In determining undue prejudice,

4

the Court looks to whether a trial date or discovery deadlines have been set. Even if dates have been set, the defendant can still have "adequate notice" of the claim and its factual allegations and have "ample opportunity to respond." *Baker v. Thomson*, No. 11–cv–02219–LTB–CBS, 2012 WL 1658982, at *2 (D. Colo. May 11, 2012) (citing *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009). *See also Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (finding that there is no prejudice because the amendment was authorized several months prior to trial). If the amendment also arises out of the same subject matter as the other claims, prejudice is further limited. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "[p]etitioner's amended claims track the factual situations set forth in his [original] claims").

The court finds that Platt Rogers has shown good cause under Fed. R. Civ. P. 16(b) to modify the court's order setting the deadline to amend pleadings. Platt Rogers claims that it did not become aware of the information serving as the basis of its counterclaim until after the Court's August 3, 2015, deadline. (Mot. at 3; Reply at 3.) Weifield counters that Platt Rogers knew that Weifield was being accused of deficient work as early as February, 2015, more than five months prior to the court's deadline. (Resp. at 5.) But Platt Rogers's knowledge that Weifield was generally accused of deficient work is materially different from Platt Rogers learning that H/M had actually expended documented amounts of money to cure specific Weifield deficiencies and for which Platt Rogers might well be liable as Weifield's prime contractor. (Mot. at 2–3; Reply at 3.) Under these circumstances, the court finds that the court's pleadings deadline could not be met despite Platt Rogers's diligence.

Next, the court considers whether it should grant Platt Rogers leave to amend its complaint pursuant to Fed. R. Civ. P. 15(a). As discussed above, Platt Rogers did not become aware of the information serving as the basis of its counterclaim until after H/M submitted approximately 1300 pages of disclosures on September 10, 2015. Once Platt Rogers became aware of the key information, it expeditiously moved for leave to amend.[4] There is, therefore, no indication that Platt Rogers's request to amend its Answer was unduly delayed or with dilatory motive. Weifield does not argue that the proposed amendment is taken in in bad faith. Further, although Weifield does argue that Platt Rogers could have cured its defect at an earlier stage when it learned about the allegations of Weifield deficiencies, there is no countervailing evidence that Platt Rogers knew that H/M spent its own money correcting alleged Weifield substandard work until the advent of H/M's disclosures on September 10, 2015. Finally, there is no indication that the addition of Platt Rogers's counterclaim against Weifield would unduly prejudice Weifield. A final pretrial conference has been set for March 17, 2016, but no trial date has been set and dispositive motions are not due until December 30, 2015. (Doc. No. 43.) Discovery is currently ongoing.

Accordingly, it is

**ORDERED** that "Defendant JHL Industrial Services LLC d/b/a Platt Rogers Construction's Contested Motion for Leave to File First Amended Answer and Jury Demand" (Doc. No. 53 in Case No. 1:14-cv-02976-CMA-KMT) is **GRANTED**. The clerk of court shall

---

[4] As noted, the instant motion was filed on October 9, 2015.

file "Defendant JHL Industrial Services LLC d/b/a Platt Rogers Construction's First Amended Answer and Jury Demand" (Doc. No. 53-1 in Case No. 1:14-cv-02976-CMA-KMT).

Dated this 9th day of November, 2015.

BY THE COURT:

*Kathleen M. Tafoya*
Kathleen M. Tafoya
United States Magistrate Judge